**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GIOVANNI PEREZ | :     CIVIL ACTION |
|            Plaintiff, | :     NO. |
|     v. | : |
| | : |
| SYSCO CORPORATION, | : |
| SYSCO PHILADELPHIA, LLC, | : |
| individually, jointly and | : |
| severally and in the alternative | : |
| | : |
|            Defendants. | : |

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Defendants Sysco Corporation and Sysco Philadelphia, LLC (collectively, the

"Defendants"), by and through their attorneys, hereby notice the removal to this Court of the

action brought by Plaintiff Giovanni Perez ("Plaintiff") in the Superior Court of New Jersey,

Law Division, Cumberland County, Docket No. CUM-L-677-10, pursuant to 28 U.S.C. §§ 1332,

1441 and 1446.  In support of this Notice of Removal, Defendants state as follows:

1.       On or about July 6, 2010, Plaintiff filed a Complaint in the Superior Court of New

Jersey, Law Division, Cumberland County, Docket No. CUM-L-677-10 (the "Complaint"), in

which Plaintiff named Sysco Corporation and Sysco Philadelphia, LLC as Defendants.

2.       Defendants were served with a copy of the Complaint on August 4, 2010.

Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Summons and Complaint is

attached hereto as Exhibit A.

DM2\2438871.2 F2817/00010

3.     This action is removable because it is an action in which the United States District Court for the District of New Jersey has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.

4.     Plaintiff is an individual who resides at 461 Jennifer Lane, Vineland, New Jersey and Plaintiff is a citizen of the State of New Jersey.

5.     Defendant Sysco Corporation is a Delaware corporation with its principal place of business in the State of Texas.

6.     Defendant Sysco Philadelphia, LLC is a Pennsylvania limited liability company with its principal place of business in the Commonwealth of Pennsylvania.

7.     Based on the foregoing, there is complete diversity between the parties pursuant to 28 U.S.C. § 1441.

8.     Furthermore, the amount in controversy in this case exceeds seventy-five thousand dollars ($75,000).  Plaintiff is seeking compensatory damages, punitive damages, interest, attorneys' fees and costs (Complaint at ¶ WHEREFORE) for his alleged "mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition," as well as for "lost wages, a diminished ability to earn a living and a diminished capacity to enjoy his life." (Complaint at ¶ 32). Plaintiff has placed no limitation on his prayer for relief.

9.     While Plaintiff's Complaint is silent as to the particular amount in controversy, it is apparent from the face of the Complaint that the amount in controversy exceeds the minimum jurisdictional amount for several reasons.

DM2\2438871.2 F2817/00010

(a)      First, given that Plaintiff has asserted a cause of action with numerous alleged damages, including emotional distress damages, punitive damages, compensatory damages (including lost wages and potential front pay damages) in his Complaint, it is apparent that he is seeking damages in excess of $75,000.  See Bailey v. Digital Equip. Corp., No. 95-2304, 1996 U.S. Dist. LEXIS 7618, *13-15 (D.N.J. April 17, 1996) (holding that amount-in-controversy requirement was satisfied "given the litany of losses for which the plaintiff seeks compensation" and given fact that plaintiff sought punitive damages); see also Sorenson v. Ashmore, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in plaintiff's complaint that the amount in controversy exceeded $75,000 where the complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

(b)      Second, the amount-in-controversy requirement has been satisfied because Plaintiff seeks to recover attorneys' fees in this case.  See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3rd Cir. 1997) (noting that "in calculating the amount in controversy, we must consider potential attorney's fees"); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (noting that attorneys' fees award pursuant to state statute can be considered in determining whether requisite amount is met for diversity jurisdiction).

(c)      Third, the amount-in-controversy requirement has been met, in part, because the Complaint seeks punitive damages.  Here, Plaintiff seeks punitive damages in connection with his causes of action under the New Jersey Workers' Compensation Law, N.J.S.A. 34:15-7 et seq. ("Workers' Compensation Law"), which makes clear that punitive damages are recoverable up to a maximum of $10,000 under the Workers' Compensation Law. See N.J.S.A. 34:11B-11.  Accordingly, because Plaintiff is seeking punitive damages and such

3

damages are potentially recoverable, the amount-in-controversy requirement has been satisfied

when the punitive damages claim is combined with all of the other damages plaintiff seeks. See

Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (in measuring the amount in controversy,

"[C]laims for punitive damages may be aggregated with claims for compensatory damages[.]");

cf. J.B. v. Bohonovsky, 835 F. Supp. 796, 799 n.4 (D.N.J. 1993) ("Because plaintiff has alleged a

cause of action . . . for which punitive damages are available, the court concludes that plaintiff's

complaint satisfies the minimum amount in controversy requirement."); Wolfe v. Nobel

Learning Communities, Inc., No. 06-3921, 2006 U.S. Dist. LEXIS 93055, *5 (D.N.J. December

26, 2006) (holding that amount-in-controversy requirement was satisfied where plaintiff sought

punitive damages).  Applying this authority, the jurisdictional minimum is satisfied when

Plaintiff's claim for punitive damages is combined with his other claims for relief.

 For these reasons, the amount-in-controversy requirement has been satisfied, and this

Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

 10. The time within which Defendants are required by the New Jersey Court Rules to

answer or otherwise respond to the Complaint has not expired.  Plaintiff commenced this action

on or about July 6, 2010, and Defendants were served with a copy of Plaintiff's Complaint on

August 4, 2010.  In accordance with the requirements of 28 U.S.C. § 1446, this Notice of

Removal is filed within thirty (30) days after Defendants were served with a copy of Plaintiff's

Complaint.

 11. A true and correct copy of this Notice of Removal is being served on Plaintiff's

counsel via overnight mail.

 12. A true and correct copy of this Notice of Removal is being filed with the Clerk of

the Superior Court of New Jersey, Law Division, Cumberland County.  See Notice of Filing of

4

Notice of Removal to the United States District Court for the District of New Jersey, attached hereto as Exhibit B.

WHEREFORE, Defendants hereby remove this case to this Court and respectfully request that this Court assume jurisdiction over this case and take all further action as may be required to determine this controversy.

Caroline M. Austin (Attorney I.D. No. 75228)
Marc J. Scheiner (Attorney I.D. No. 202951)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1887/1877

*Attorneys for Defendants*

Dated:  August 31, 2010

DM2\2438871.2 F2817/00010

## CERTIFICATE OF SERVICE

I, Marc J. Scheiner, hereby certify that on August 31, 2010, I caused a true and correct

copy of the foregoing Notice of Removal to be served via Federal Express to the following:


Michelle J. Douglass, Esquire
The Douglass Law Firm, L.L.C.
1601 Tilton Road, Suite 6
Northfield, NJ 08225


Marc J. Scheiner, Esquire

# EXHIBIT A

The Douglass Law Firm, L.L.C.
By: Michelle J. Douglass, Esq.
1601 Tilton Road, Suite 6
Northfield, NJ 08225
(609) 788-3595; FAX (609) 788-3599
Attorney for Plaintiff, Giovanni Perez

| | |
|---|---|
| GIOVANNI PEREZ,<br><br>                               Plaintiff<br><br>vs.<br><br>SYSCO CORPORATION,<br>SYSCO PHILADELPHIA, LLC<br>individually, jointly and<br>severally and in the<br>alternative.<br><br><br>                               Defendants | SUPERIOR COURT OF<br>NEW JERSEY<br>LAW DIVISION<br>CUMBERLAND COUNTY<br><br>Docket No. CUM-L-677-10<br><br>Civil Action<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY TO:** SYSCO Philadelphia, LLC
600 Packer Avenue
Philadelphia, PA 19148

YOU ARE HEREBY SUMMONED in a civil action in the Superior Court of New Jersey, instituted by the above named plaintiff, and required to serve on the attorneys for the plaintiff, whose name and address appears above, a written answer to the annexed complaint within 35 days after the service of this summons and the complaint upon you exclusive of the day of service. If you fail to answer, judgment by default may be entered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service with the Clerk of the Superior Court at the Cumberland County Courthouse, Broad & Fayette Streets, Bridgeton, NJ 08302.

1

If you cannot afford an attorney, you may call the Legal Services Office of the County where you reside in this State at 732-572-9100 or of the County where this action is pending at 609-348-4200. If you are not eligible for free legal assistance you may obtain a referral to an attorney by calling the Lawyer Referral Service of the County where you reside in this State at 800-367-0089, or of the County where this action is pending at 609-345-3444, or by calling the New Jersey State Bar Association Lawyer Referral Service at 800-852-0127 (within New Jersey) or 201-249-5000 (from out of state).

JENNIFER PEREZ, Acting Clerk
Superior Court of New Jersey


Dated:  July 20, 2010

Defendant To Be Served:  SYSCO Philadelphia, LLC

Address For Service:        600 Packer Avenue
                            Philadelphia, PA 19148

2

The Douglass Law Firm, L.L.C.
By: Michelle J. Douglass, Esq.
1601 Tilton Road, Suite 6
Northfield, NJ 08225
(609) 788-3595; FAX (609) 788-3599
Attorney for Plaintiff, Giovanni Perez



SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY
LAW DIVISION

JUL 07 2010

RECEIVED
CIVIL CASE
MANAGEMENT OFFICE

RECEIVED

JUL 2 6 2010

| | |
|---|---|
| GIOVANNI PEREZ,<br><br>        Plaintiff<br><br>    vs.<br><br>SYSCO CORPORATION,<br>SYSCO PHILADELPHIA, LLC<br>individually, jointly and<br>severally and in the<br>alternative.<br><br>        Defendants | SUPERIOR COURT OF<br>NEW JERSEY<br>LAW DIVISION<br>CUMBERLAND COUNTY<br><br>Docket No. CUM-L- 677- 10<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND &<br>DESIGNATION OF TRIAL<br>COUNSEL** |

Giovanni Perez, residing at 461 Jennifer Lane, Vineland, New Jersey 08360, by way of Complaint against the Defendant, SYSCO Corporation, SYSCO Philadelphia, LLC, "hereinafter called SYSCO" hereby states as follows:

### **PARTIES**

1.)   Plaintiff, Giovanni Perez, ("Perez"), is an adult who was employed by the Defendant, SYSCO, for eighteen months.

1

Plaintiff commenced his employment on May 18, 2009 and his last day of work was February 15, 2010.

2.)   Defendant SYSCO is an employer and a for profit business which operates to assist "... foodservice operators in providing consumers with solutions for meals consumed away from home. Since the initial public offering in 1970, when sales were $115 million, Sysco has grown to $37 billion in sales for fiscal year 2008." "Sysco is the global leader in selling, marketing and distributing food products to restaurants, healthcare and educational facilities, lodging establishments and other customers who prepare meals away from home. Its family of products also includes equipment and supplies for the foodservice and hospitality industries."

## STATEMENT OF FACTS

3.)   On or around January 2010, Giovanni Perez ("Perez" and or "Plaintiff"), was hired by Defendant SYSCO Philadelphia, LLC. He was assigned and worked at their site SYSCO Philadelphia, LLC at 600 Packer Avenue, Philadelphia, PA 19148. Plaintiff was hired as a food delivery driver.

2

4.)   In his capacity as a food delivery helper, Plaintiff was responsible for the operation of delivery trucks, off loading and on loading of food products, and the delivery of products to commercial businesses.

5.)   In or around January 2010, Plaintiff was scheduled for an appointment with his doctor, Dr. Thomas A. Dwyer, due to pain he had been feeling in his left shoulder. Dr. Dwyer asked Plaintiff if he knew whether his pain was job related or due to his work out at the gym (Dr. Dwyer and Plaintiff visits the same gym). Plaintiff explained that he worked for SYSCO and performed heavy duty assignments of lifting boxes so he was not sure if the pain was job related or from the gym.

6.)   Dr. Dwyer advised Plaintiff that the injury to his shoulder was definitely related to heavy lifting. Dr. Dwyer referred Plaintiff to South Jersey Regional Hospital in Vineland, New Jersey for a MRI examination on Plaintiff's left shoulder to verify the root and cause of his injury. Doctor then gave Plaintiff two cortisone shots for the pain and advised him to return on February 18, 2010 for his MRI results.

3

7.)   On or about Friday, February 12, 2010, six days prior to Plaintiff's appointment with Dr. Dwyer for his MRI results, Plaintiff slipped and fell on the job while making a delivery in West Chester, PA. Plaintiff had been carrying a hand truck i.e. trolley, with a full load of food supplies in boxes and lost his balance, slipped and fell on three to four inches of ice. Plaintiff twisted his left arm which aggravated his injured left shoulder; albeit, Plaintiff was experiencing extreme pain, he continued to make the delivery.

8.)   Shortly after Plaintiff made his delivery, he reported the incident to his supervisor, Drew Nixon, who asked Plaintiff if he needed emergency assistance. Plaintiff responded that he did not need assistance at that time, and that he would rather complete his route for the day and go home. Mr. Nixon then advised Plaintiff that they would file an incident report regarding the work related slip and fall accident on Monday, February 15, 2010.

9.)   On or about Monday, February 15, 2010, Plaintiff and Nixon completed the incident report regarding his slip and fall accident that occurred on Friday, February 12, 2010. At

4

this time, Plaintiff informed Nixon of his earlier visit with Dr. Dwyer and MRI examination of his left shoulder, and that he should receive the results of the MRI on February 18, 2010. Nixon advised Plaintiff that due to the injury that he sustained on the job, he had to visit the company doctors for an examination and treatment. After Plaintiff's meeting with Nixon, Plaintiff commenced his assigned delivery route for that day.

10.) Later that evening on February 15, 2010, while at work and during a delivery route, Plaintiff received a phone call from Chuck Keren ("Keren"), Manager of Safety from the Safety Department, who advised Plaintiff that he had to go to Atlantic Care in English Creek, New Jersey for a medical check-up related to the slip and fall incident. Plaintiff finished his route for the day and went to Atlantic Care as directed, around 5:30 p.m. that same day. The Doctor at the clinic recommended that Plaintiff be placed on light duty work due to his injury and that he should visit an orthopedic doctor in Vineland, New Jersey. During this timeframe, the Doctor notified Chuck Keren that he was putting Plaintiff out on light

5

duty work due to injury. Keren advised the Doctor that there were no light duty jobs available. As a result, Plaintiff was put out of work with no pay from February 15, 2010 with no date given to return.

11.) On or about March 2010, Plaintiff visited his orthopedic doctor, Dr. Brad Bernardini (Dr. "Bernardini") who advised Plaintiff that he should have an MRI of his left shoulder to check for any damages to his joints. Immediately, Plaintiff advised Dr. Bernardini that he had a previous MRI performed at South Jersey Regional Medical Center in January 2010 and that he did not receive the results because he had to cancel his appointment with his family doctor due to his work related slip and fall accident on February 12, 2010. Dr. Bernardini checked the computer system and found the previous MRI results from South Jersey Regional Medical Center which stated that Plaintiff had a "slap tear" to his shoulder which required surgery to repair. However, Dr. Bernardini instructed Plaintiff to have a second MRI performed on his left shoulder to verify if there were any changes to his

6

shoulder from January until the date of the work related accident in February.

17.)  On or about March 9, 2010, Plaintiff had a second MRI performed on his injured left shoulder at the South Jersey Regional Medical Center in Vineland, New Jersey.  Plaintiff returned to the Medical Center on March 10, 2010 for his results and Dr. Bernardini advised Plaintiff that there were no changes in the condition of his shoulder that appeared on the subsequent MRI compared to that of the first MRI. Dr. Bernardini confirmed that Plaintiff had sustained a slap tear to his left shoulder and still required surgery. Plaintiff asked Dr. Bernardini how long he would be required to be out of work, and he was advised that three (3) months would be recommended for the healing process. Plaintiff told Dr. Bernardini that he could not be out of work for so long without pay, and that he would have to deal with the pain. (Plaintiff has a wife and two children to support). Based on this information, Dr. Bernardini released Plaintiff to return to work on full duty basis effective, March 10, 2010.

18.)  On March 10, 2010, immediately after Plaintiff's

7

appointment with Dr. Bernardini, Plaintiff contacted SYSCO, Philadelphia Branch to speak to the Human Resources Department. Plaintiff was unable to reach a live person and therefore left two voice messages for Cathy Lopez, Manager of Human Resources and one for Chuck Keren which advised them that Plaintiff's doctor cleared him to return to work on a full time basis; Neither Lopez or Keren returned Plaintiff's phone call messages. Plaintiff therefore contacted his immediate supervisor, Mr. Nixon, wherein he advised that he was released by his doctor to work full duty. Nixon advised Plaintiff to go back to Atlantic Care at the English Creek, NJ Center for another full physical to ensure that he was one hundred percent (100%) fit to work full duty.

19.) On or about March 12, 2010, Plaintiff returned to Atlantic Care for another physical. Atlantic Care was to notify Chuck Keren about his appointment as Plaintiff did not have a scheduled appointment. Keren advised Atlantic Care not to perform or proceed with the physical, and that Plaintiff should report to SYSCO Philadelphia on Monday, March 15, 2010 at 10:00 a.m. Plaintiff was confused and did not understand why

8

they would not permit Atlantic Care to perform the physical, as he was directed by his Supervisor Nixon to do so.

20.) Plaintiff obeyed Keren's instruction, left the Atlantic Care Center and went home. On or about Monday, March 15, 2010, Plaintiff went to SYSCO Philadelphia to meet Stern, who at that time advised Plaintiff that he had to see him on Monday, March 15, 2010. Plaintiff was not made aware that there was an official meeting with other management from the company. Thereby, Plaintiff was not given the opportunity to make arrangements with his Union Representative for proper representation.

21.) At the meeting, Jim Forant, Vice President of Operations; Michael Heiner, Vice President of Human Resources; Pete (last name not known), Supervisor for Routing; Chuck Keren; Cathy Lopez, and Plaintiff were present. Heiner asked Plaintiff if he knew the reason for the meeting. Plaintiff advised "no". Heiner then advised Plaintiff that the reason for the meeting was because Plaintiff had committed fraud by trying to steal company funds in an effort to report a non-work related injury as a work related injury in

9

an effort to get compensated for same. Plaintiff was told that the company was going to call the police and have him arrested. Plaintiff was shocked and completely humiliated, as he had all times reported the facts related to his left shoulder injury in an accurate manner and at no time did he commit, or attempt to commit, fraud. Keren advised Plaintiff that he was being placed on unpaid suspended pending a hearing to be scheduled with his Union Representative.

22.) Plaintiff did not understand why he was being unjustly accused of being a liar, thief, and fraud. Plaintiff felt intimidated and wrongfully accused of such acts to the point of tears. Plaintiff attempted to explain that his shoulder injury was a result of a combination of a problem that pre-existed his slip and fall accident on February 12, 2010 and that candidly revealed this fact to representatives of defendant and medical care providers following the slip and fall accident.

23.) Plaintiff was then advised that he committed fraud because on his medical paperwork when it asked if he had a previous injury, Plaintiff checked "no". Plaintiff explained that he checked "no" on the paperwork because he was not given

10

his MRI results from his first visit to his Doctor, as he was told by Nixon on February 12, 2010, (6 days prior to his appointment with his Doctor for his MRI results) to cancel his appointment with his doctor and go to the company doctor for his physical. So, upon Plaintiff's visit to Atlantic Care clinic, he put no in the check box "pre-existing condition" as he was not aware that he had an "injury" from his previous MRI. Plaintiff simply thought that his left shoulder had pain due to wear and tear from work or the gym; thereby he did not classify it as a previous injury. Management refused to listen to Plaintiff. Plaintiff left the room after he was dismissed.

24.) On or about Friday, March 19, 2010 at 11:00 a.m., Plaintiff along with his Union Representative, Thomas K. Hartle, Michael Heiner, Jim Forant, Chuck Keren, Pete, and Harry Conover, Plaintiff's co-worker attended a hearing at a SYSCO site in Egg Harbor City, NJ. Heiner and Keren instructed that Plaintiff should resign in lieu of termination.

25.) Plaintiff resigned as he was coerced into doing so under threat of termination and police involvement.

11

26.) Plaintiff has been wrongfully terminated for commencing a legally actionable workers' compensation claim. Defendant did not permit a proper investigation of the workers' compensation claim, falsely accused Plaintiff of wrong doing in connection with same, intimidated and bullied Plaintiff into not filing an actionable workers' compensation claim and resigning from gainful employment. Plaintiff has suffered significant emotional distress over these false accusations and has suffered a tremendous amount of stress and financial loss.

## COUNT I

27. The Plaintiff, Giovanni Perez, hereby repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

28. In unlawfully terminating the Plaintiff because he asserted his rights under the Workers' Compensation Law, Defendant has violated N.J.S.A.34:15-7.

12

29. Plaintiff attempted to seek remedies under the Workers' Compensation laws and Defendant retaliated by falsely accusing Plaintiff of fraud, disciplinary action and eventual termination from employment. Defendant has also wrongfully refused to submit said claim to its workers' compensation carrier.

30. The failure to submit this work related accident and injury to the Workers' Compensation carrier has caused Plaintiff to suffer from lack of medical treatment, emotional distress and financial loss and strain.

31. Defendant wrongfully cancelled Plaintiff's health insurance and terminated Plaintiff because he filed a Workers' Compensation claim.

32. As a direct and proximate result of the actions of Defendant, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy his life.

13

33.  Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting his rights.


WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for compensatory damages, punitive damages, interest, attorney's fees, costs of suit, together with such other relief as is just and equitable, including but not limited to augmentation of any damage award to reimburse for negative tax consequences


THE DOUGLASS LAW FIRM, L.L.C.

By: _____
Michelle J. Douglass, Esquire

Dated: July 6, 2010


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

14

THE DOUGLASS LAW FIRM, L.L.C.

By: _____
Michelle J. Douglass, Esquire

Dated: July 6, 2010

15

## CERTIFICATION

The undersigned counsel certified that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time and there are no additional known parties who should be joined to present action this time.  We certify that the foregoing to be true. We are aware that if the foregoing statements are willfully false, we are subject to punishment.

The DOUGLASS LAW OFFICE, L.L.C.

By: _____
Michelle J. Douglass, Esquire

Dated:  July 6, 2010

17

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON          NJ 08302
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 453-4330
COURT HOURS
```



```
                    DATE:   JULY 13, 2010
                    RE:     PEREZ VS SYSCO CORPORATION ETAL
                    DOCKET: CUM L -000677 10
```

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL FISHER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 453-4335.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                               ATT: MICHELLE J. DOUGLASS
                               MICHELLE J. DOUGLASS
                               SUITE 6
                               1601 TILTON RD
                               NORTHFIELD       NJ 08225-1858

JUHDUCK
```

# EXHIBIT B

**DUANE MORRIS LLP**
Caroline M. Austin, Esquire
Marc J. Scheiner, Esquire
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1887/1877
*Attorneys for Defendants*

| | |
|---|---|
| GIOVANNI PEREZ, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | CUMBERLAND COUNTY |
| | |
| v. | DOCKET NO. CUM-L-677-10 |
| | |
| SYSCO CORPORATION, | |
| SYSCO PHILADELPHIA, LLC, | CIVIL ACTION |
| individually, jointly and | |
| severally and in the alternative, | **NOTICE OF FILING OF NOTICE OF** |
| | **REMOVAL TO THE UNITED STATES** |
| Defendants. | **DISTRICT COURT FOR THE DISTRICT** |
| | **OF NEW JERSEY** |

**TO:    Clerk, Superior Court of New Jersey**
**Cumberland County, Law Division**
**60 West Broad Street**
**Bridgeton, NJ 08302**

**CLERK:**

PLEASE TAKE NOTICE that on August 31, 2010, Defendants Sysco Corporation and

Sysco Philadelphia, LLC filed in the United States District Court for the District of New Jersey a

Notice of Removal of the above-captioned civil action to said United States District Court,

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  A copy of the Notice of Removal is attached

hereto as Exhibit 1.

<div align="right">

**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
*Attorneys for Defendants*

By:_____
Caroline M. Austin
Marc J. Scheiner

</div>

Dated:  August 31, 2010

DM2\2439797.1 F2817/00010